# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IN RE: CAPACITORS ANTITRUST LITIGATION<br><br>INDIRECT PURCHASER PLAINTIFFS<br><br>*Movant,*<br><br>v.<br><br>ALLIED ELECTRONICS, INC.<br><br>*Respondent.* | Civil Action No: 3:16-MC-0001-B<br><br>Action Pending in:<br>Northern District of California<br>3:14-cv-03264-JD |

## AGREED ORDER

Before the Court is Movant Indirect Purchaser Plaintiffs' ("IPPs") motion to compel Respondent Allied Electronics, Inc.'s ("Allied") compliance with a third-party subpoena. The parties agree as follows:

1. Allied will provide the IPPs, via password-protected encrypted flash drive (or similar method), with electronic transactional data for the sale of capacitors.[1] The transactional data will include the following information:

    a. Date of sale;

    b. Sales order number (billed/invoice);

    c. Customer identification number;

    d. Quantity sold;

    e. Cost;

---

[1] "Capacitors" is defined to include the following dielectric capacitor subcategories: tantalum electrolytic capacitors; aluminum electrolytic capacitors (Tantalum electrolytic and aluminum electrolytic capacitors are also referred to as "Electrolytic Capacitors"); ceramic capacitors (capacitors which use a ceramic material as the dielectric including, but not limited to, multi-layer ceramic capacitors ("MLCCs")); and film capacitors.

      f.    Whether the transaction was a resale:

      g.    Manufacturer part number; and

      h.    Manufacturer or vendor name.

2.    Allied will provide the IPPs with such information in electronic format no later than March 1, 2016. Allied will inform the IPPs on or before Friday, January 29, 2016 whether it will meet the March 1, 2016 deadline. If Allied does not represent by January 29, 2016 that it will meet the March 1, 2016 deadline, this Order will dissolve and the IPPs will be free to re-urge or refile their motion to compel.

3.    Should Allied ever represent after January 29, 2016 that it cannot or may not be able to provide the information by March 1, 2016, this Order will dissolve and the IPPs will be free to re-urge or refile their motion to compel.

4.    The data that Allied provides will be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and is entitled to all protections that the Protective Order, (attached as Exhibit 1), provides to material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.    Allied's compliance with this Order constitutes compliance with the third-party subpoena that the IPPs served on Allied on July 16, 2015 in the underlying litigation.

SO ORDRERED on this 25th day of January, 2016.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

AGREED:

/s/ *Warren T. Burns*
Warren T. Burns
State Bar No. 24053119
**BURNS CHAREST LLP**
500 North Akard Street, Suite 2810
Dallas, Texas 75201
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com

*Attorney for Indirect Purchaser Plaintiffs*

Joseph W. Cotchett
State Bar. No. 36324
Steven N. Williams
State Bar No. 175489
Adam J. Zapala
State Bar No. 245748
Elizabeth Tran
State Bar No. 280502
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

*Interim Lead Counsel for the Putative Indirect Purchaser Class*

/s/ *James F. Parker, III*
James F. Parker, III
State Bar No. 24027591
**LLOYD GOSSELINK ROCHELLE & TOWNSEND, PC.**
816 Congress Ave., Suite 1900
Austin, Texas 78701
Telephone: (512) 322-5800
Facsimile: (512) 472-0532
jparker@lglawfirm.com

*Attorney for Allied Electronics, Inc.*